Huang v. Holder

BIA
Ferris, IJ
A079 682 711

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

MEI YUN HUANG,
> *Petitioner,*

v.                                    11-1628
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Mei Yun Huang, *pro se*, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Leslie M. McKay, Assistant Director; Lori B. Warlick, Trial Attorney, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Yun Huang, a native and citizen of the People's Republic of China, seeks review of a March 25, 2011, decision of the BIA affirming the November 10, 2008, decision of Immigration Judge ("IJ") Noel Anne Ferris denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mei Yun Huang*, No. A079 682 7111 (B.I.A. March 25, 2011), aff'g No. A079 682 711 (Immig. Ct. N.Y. City Nov. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. The agency cited specific

examples: Huang's testimony was internally inconsistent with respect to the date of her second arrest for attending an underground church and with respect to the number of times she reported to the police after her first arrest (twice or "six to seven times").

Huang argues that the adverse credibility determination was based on conjecture and unfair questioning about matters beyond her knowledge and about ancillary issues. However, the BIA ruled that, even absent these other discrepancies and inconsistencies, the inconsistencies regarding the date of her second arrest and the number of times she reported to the police were sufficient.

Further, we afford particular deference to the IJ's observations of Huang's demeanor during her testimony. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Huang also argues that she fears future persecution on the basis of a pattern and practice of persecuting Christians in China. But since she did not raise that claim before the BIA, we deem it unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

3

Accordingly, the agency did not err in denying Huang's application for asylum, withholding of removal and CAT relief, as those claims were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Although the IJ's ruling that Huang had not satisfied her burden of proof on the issue of whether she is a Christian is dubious, the claim of a fear of religious persecution was ultimately rejected on the ground that the evidence did not show a pattern of religious persecution of Protestants. That ultimate ruling was not erroneous.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4